UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 18-122-DLB

RODGER WILLIAMS                                                                PLAINTIFF

VS.                       **MEMORANDUM OPINION & ORDER**

LIEUTENANT FLETCHER, et al.,                                 DEFENDANTS

*** *** *** ***

Rodger Williams, a/k/a Willow Williams,[1] has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. # 3). The Court has granted her motion to proceed *in forma pauperis* by separate Order.

This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of the plaintiff's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

---

[1]     Williams indicates that she is transgender and identifies as female. (Doc. # 3). Thus, the Court will utilize feminine pronouns where possible.

1

Williams is a pretrial detainee confined at the Campbell County Detention Center ("CCDC") in Newport, Kentucky. In her complaint,[2] Williams alleges that in late June 2018, on several occasions Lieutenant Fletcher and Sergeant Stokes allowed male officers and trainees to conduct a pat-down search of her person. Williams asserts that CCDC Jailer James Daley[3] is responsible for the actions of his subordinates in his employ. Williams contends that as a transgender person who identifies as female, the Prison Rape Elimination Act, 42 U.S.C. § 15601 *et seq.* ("PREA") and the Equal Protection Clause of the Fourteenth Amendment guaranty her the right to be physically searched only by female officers. Williams asserts that PREA violations are deemed "automatically grieved and remedies exhausted" the moment the inmate complains. She seeks damages for herself and compulsory training for the officers involved. (Doc. # 3 at 5, 7, 9, 11, 13, 15, 17, 23). Williams has filed a separate motion seeking a temporary restraining order requiring that she be searched only by female officers. (Doc. # 5).

The allegations in the present action are very similar to those Williams asserted in a complaint she filed two months ago. *Williams v. Daley*, No. 2:18-cv-55-DLB (E.D. Ky. 2018). In that case, Williams complained that a male officer had conducted a pat down search of her person—conduct she asserted violated the PREA, the Equal Protection

---

[2] The Court has disregarded the even-numbered pages of the complaint, as they contain no handwriting or allegations by Williams. It appears that Williams wrote her complaint on the back of sheets of paper, the front sides of which consist of various unrelated forms and printouts.

[3] Williams did not identify Daley as a defendant at the top of her complaint. (Doc. #3 at 3). In addition, Williams' complaint lacks a proper caption. *Id.* at pg. 1. Accordingly, the Clerk of the Court has not listed Daley as a defendant in the docket. However, Williams asserts claims against Daley (Doc. # 3 at 11); lists him as the lead defendant in the caption of her motion seeking injunctive relief (Doc. # 5 at 1); and provided a summons to be issued to him (Doc. # 3-1 at 1). The Court will therefore direct the Clerk to add him as an intended defendant in this action.

2

Clause, the Due Process Clause, and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. As the Court explained in dismissing her complaint upon initial screening, PREA is primarily a funding statute: it does not create rights enforceable by a private party in a civil action. *Montgomery v. Harper*, No. 5:14-cv-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) ("the PREA does not create a private cause of action which can be brought by an individual plaintiff."); *Hodge v. Burkhart*, No. 15-CV-105-GFVT, 2016 WL 2986262, at *5 (E.D. Ky. May 20, 2016).

In addition, while inmates retain their constitutional rights while in prison, those rights are qualified and limited to account for the challenges faced by prison officials in maintaining order and security. *Jordan v. Gardner*, 986 F. 3d 1521, 1524 (9th Cir. 1993) (*en banc*) ("... prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited."). The Constitution thus does not categorically entitle an inmate of a particular sex to be pat-down searched solely by guards of the same sex or, in this case, gender identity. *Brown v. Withrow*, No. 92-1765, 1993 WL 15141, at *1 (6th Cir. Jan. 22, 1993) ("A pat-down search, which is by definition of short duration and minimal obtrusiveness, is not unconstitutional, even when performed by a female officer" upon a male inmate) (citing *Timm v. Gunter*, 917 F.2d 1093, 1100 (8th Cir. 1990), *cert. denied*, 111 S.Ct. 2807 (1991)); *Roden v. Sowders*, 84 F. App'x 611 (2003) (holding that strip search of male inmate in presence of female officer does not offend the Constitution). *See also Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320-21 (6th Cir. 2012); *Kohn v. Ernst*, No. 2:16-cv-115, 2016 WL 5349076, at *9 (W.D. Mich. Sept. 26, 2016). Williams's claim that the Constitution embodies a *per se* requirement that she is entitled

to be pat-down searched solely by persons of the same sex or gender identity thus fails to state a claim upon which relief may be granted and must be dismissed.

Finally, the Court has previously explained that CCDC Jailer Daley is not liable in his individual capacity for the acts of his officers merely because he employs them and acts in a supervisory role. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Nor is the official capacity claim against him viable where, as here, Williams makes no allegations that the officers acted pursuant to a formal policy or informal custom of Campbell County. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010).

Accordingly, **IT IS ORDERED** that:

(1) The Clerk of the Court shall **ADD** James Daley, Jailer of the Campbell County Detention Center, as a defendant in this action, solely in his official capacity;

(2) Williams's complaint (Doc. # 3) is **DISMISSED WITH PREJUDICE**;

(3) Williams's motion for a temporary restraining order (Doc. # 5) is **DENIED AS MOOT**;

(4) The Court will enter an appropriate **JUDGMENT** contemporaneously with this Order; and

(5) This matter is **STRICKEN** from the active docket of the Court.

This 19th day of July, 2018.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\ProSe\Williams 18-122-DLB Memorandum RBW.docx

4